## O. A. WILLINGHAM v. B. W. FLOYD.

Decided April 4, 1903.

**School Land—Purchase—Actual Settlement—Wife.**

Defendant had a section of school land surveyed out and selected the place thereon for his house and then returned to town to make his application to purchase the land as an actual settler thereon. Being detained in making his application because of a rush of applicants, he sent his wife out to the land in the evening with a tent, furniture and provisions. Held, a valid settlement by defendant on that day.

Appeal from the District Court of Midland. Tried below before Hon. W. R. Smith.

*Camp & Caldwell,* for appellant.

*A. S. Hawkins,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This controversy arose out of conflicting applications to purchase two sections of school land in Midland County, and resulted in a judgment for appellee, defendant below, whose application was prior. Unless the evidence required the jury to find that appellant was an actual settler and that appellee was not, the judgment must stand. We find no difficulty in holding that the evidence was sufficient to warrant the conclusion that appellee was an actual settler when he made his application, which renders it unnecessary to consider the evidence affecting the other issue.

The main objection of appellant to appellee's settlement seems to rest upon the fact that appellee was fortunate enough to have the assistance of his wife in making it, as will be seen from the following quotation from his testimony: "After I returned from having the land surveyed, I hired a dray wagon, purchased a tent and sent the wagon, the tent, a lot of provisions and household furniture to be placed on section 14 at the spot I had selected for my home. I also sent my wife out in a separate conveyance along with B. W. Lee and his family, who went out the same day to take up some land near by. All these went out on the evening of the 29th of July. I did not go out with my wife to the land because there was a great demand and rush for this land, and I stayed in town for the purpose of making my applications and getting same filed first, and it was my intention to go out to section 14 as soon as I made my application, and this I did. I sent my wife to this section on said day because I considered it my home at that time, and thought that my wife should be at her home." Appellant, however, treats this as a settlement by the wife, and not by, but for, the husband, but we consider it a settlement by both, the wife kindly aiding the husband in the establishment of a home for the family. The judgment is affirmed.

*Affirmed.*