Eugenia Bustin v. J. T. Robison, Commissioner of the General Land Office et al.

No. 2003.  Decided June 16, 1909.

A purchaser of school land, required by the law to reside thereon, who, after settling on and improving same, left the premises, putting a man and his wife in charge of them and of her household goods, intending an absence of four or five weeks to visit her parents in California, and to procure medical attention there, but who, by reason of sickness, was detained there three months, could not be held to have failed to reside on the land because of such temporary absence; and a cancellation of the sale by the Land Commissioner for such cause was unwarranted. (Pp. 526, 527.)

Original application to the Supreme Court by Eugenia Bustin for a writ of mandamus against the Commissioner of the General Land Office.

*Jenkins & McCartney,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

Mr. Justice Williams delivered the opinion of the court.

The relator's purchase of school land was cancelled by the respondent for failure to reside on it as required by the statute and the question is whether or not that action was justified by the facts Relator's parents had moved to California and she left her home on the land and went to that State for the two-fold purpose of visiting them and of consulting a specialist concerning her health, which was delicate.  She intended to return within four or five weeks, but was detained longer by ill health and was away from December 15,

1908, to March 15, 1909. She had settled upon and improved the land as required by law, and, on leaving for California, she put a man and his wife in charge of her house, leaving in their care her household goods and other property, and reserving a part of the building for her own use. These are the admitted facts upon which arises the question whether or not she had failed to reside on the land as required. We are of the opinion that they are clearly insufficient to warrant the conclusion that she had so failed. Those to whom the law authorizes sales are actual settlers, and such actual settlers as want the land for homes. In order to carry out its policy it requires that purchasers shall improve and "reside" on the land for three consecutive years. This does not mean that the purchaser shall at all times be present on the land. It requires only his residence there, and this means, generally, a permanent place of abode. People do not remain constantly in their residences, but on missions of business or pleasure are often absent therefrom without in any sense affecting the settled and permanent character of this abode. The mere fact of temporary absence, therefore, does not constitute a failure to reside.

We do not mean, however, that the term residence is used in the sense of domicile, or in any such sense as that, in order to constitute a break in it, there must be a leaving without intent to return. Of course, an absence without such intent would constitute the cause of forfeiture; but we think, also, that an absence with the intent ultimately to return might be for such purposes or be accompanied with such other engagements as to be wholly inconsistent with the obligation to improve and occupy in person and as an actual settler, the land purchased for a home. Such cases must be decided on their own facts as they arise and not by any artificial rule or definition laid down in advance by the courts. A mere temporary visit, such as people generally pay to relatives or friends, certainly can not be considered a failure to reside on the land. Whether a visit might not be so protracted voluntarily as to fall within the condemnation of the law by reason of its mere length we need not say. The relator's delay in returning is explained and when all the facts are considered together does not appear to have been such as is denounced by the law or inconsistent with its purposes.

*Mandamus granted.*