T. H. LEAVERTON ET AL. v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE.

No. 1946. Decided June 16, 1909.

**1.—Statutory Construction—Forfeiture.**

Statutory provisions designed to prevent forfeiture should be liberally construed. (P. 518).

**2.—Same—School Land—Purchaser—Death.**

A married man who had purchased and resided on school land died, leaving his widow and children occupying it. The widow died, having continued the payments after her husband's death, except the last, which fell due three months before her own death. Held that, the land being community property, she was a "purchaser" of the same within the meaning of the clause of article 4218-1 of the Revised Statutes, giving the heirs of a purchaser who died one year after the first day of November following the death to make payment; and the action of the Land Commissioner in forfeiting the same and reselling to another before that time was unwarranted. (Pp. 517, 518).

Leaverton and others sued the Land Commissioner and certain adverse claimants, made co-respondents with him, in an original proceeding before the Supreme Court for writ of mandamus.

*Madden & Ellis* and *Adams & Adams,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent, Robison.

MR. JUSTICE BROWN delivered the opinion of the court.

This action was brought by T. H. Leaverton for himself and as next friend of Dora Leaverton and H. A. Leaverton, minors, also by T. W. Leaverton, C. C. Leaverton, Lillie Osborne, joined by her husband, S. J. Osborne, and D. N. Leaverton, as relators herein, against J. T. Robison, Commissioner of the General Land Office of the State of Texas, T. F. Pinckney and J. L. Hume, co-respondents with the said Robison. It is alleged that on January 14, 1898, Henry C. Leaverton, who was the father of the relators, applied to the Commissioner of the General Land Office in due and proper form to purchase section 2, certificate 22-G, Dallas & Wichita Railway Company, containing 640 acres of land, situated in Houston County, and on the 19th day of September, 1898, the Commissioner awarded the said land to Henry C. Leaverton, who made the necessary payment under the law and executed his obligation in accordance with law for the unpaid purchase money, actually settled upon the land with his family, and improved the same, continuing to reside thereon until his death, which occurred on the 26th day of September, 1904; and his surviving widow and children continued to reside on the said land after his death up to the present time. On September 6, 1902, Henry C. Leaverton and his wife sold and conveyed one-half of the said section of land to T. H. Leaverton, who settled upon the same, paid all dues thereon and has paid the principal of the said purchase for that half of said section and patent has been issued to the said T. H. Leaverton therefor.

On the 26th day of September, 1904, Henry C. Leaverton died, leaving surviving him his widow, Julia Leaverton, and the children named herein as relators. It is alleged that the said Julia Leaverton complied with the law in every respect, paying all of the sums that fell due upon the said land, remaining thereon as an actual settler until her death, which occurred on the 2d day of February, 1908, except that the installment of interest which was due on the said half section on the first day of November, 1907, was not paid by the said Julia Leaverton before her death. That her children and heirs, the relators herein, did not know of the fact that the payment had not been made until after the time when the Commissioner forfeited the land as hereinafter stated. On the 12th day of August, 1908, the Commissioner of the Land Office entered upon the papers of the said purchase the words, "Land Forfeited," and on the 29th day of the same month sold the said land to Pinckney and Hume. On the 12th day of September, 1908, the relators herein applied to the Commissioner of the General Land Office to set aside the sale made to said Pinckney and Hume and to re-instate the purchase theretofore awarded to Henry C. Leaverton, at the same time tendering to him the unpaid interest due on the first day of November, 1907. But the said Commissioner refused to restore the said purchase, whereupon this action was brought for a mandamus requiring the said Commissioner to set aside the sale to said Pinckney and Hume and to restore the purchase made by Henry C. Leaverton. It is alleged in the petition that Henry C. Leaverton and his wife put upon the said 320 acres of land improvements worth about

$3,000, and that the said land has been occupied all the time by some of the relators herein since the death of the said Julia Leaverton.

From article 4218-1 we copy as follows: "If upon the first day of November of any year the interest due on any obligation remains unpaid, the Commissioner of the General Land Office shall endorse on such obligation "Land Forfeited," and shall cause an entry to that effect to be made on the account kept with the purchaser, and thereupon said land shall thereby be forfeited to the State without the necessity of re-entry or judicial ascertainment, and shall revert to the particular fund to which it originally belonged, and be resold under the provisions of this chapter or any future law; provided, if any purchaser shall die, his heirs or legal representatives shall have one year in which to make payment after the first day ' of November next after such death, and shall be absolved and exempt from the requirement of settlement and residence thereon."

The purpose of enacting that law was to prevent forfeitures of the purchase of school lands under the facts stated therein, and if Mrs. Leaverton was a purchaser within the meaning of the statute, then the Commissioner of the Land Office had no authority to enter a forfeiture of the land in controversy at the time he did, for the reason that her heirs were by the law given the privilege of paying the installment of interest overdue at her death at any time within one year from the first day of the next succeeding November. (Potter v. Robison, decided at present term of court.) The purpose of the statute being to prevent forfeitures, it should receive a liberal construction so as to accomplish that purpose and to secure to the families of those who settle upon the public school lands their homes. Mrs. Leaverton was the wife of Henry C. Leaverton at the time he made the purchase of the school land in suit. That contract was a community obligation by which she acquired a one-half interest in the land. Her right was derived directly through the contract of purchase and was secured to her by the law the same as the right of the husband, except in matters of control, etc. Her name was not used in the contract but that was not necessary to make her a party to it, she was therefore within the meaning of the law a purchaser under that contract.

Mrs. Leaverton being a purchaser within the terms of the statute, her heirs had the right to pay the overdue interest, and the sale made to Pinckney and Hume by the Commissioner of the Land Office was without authority and void. It is therefore ordered that the writ of mandamus issue to the Commissioner of the General Land Office commanding him to set aside the forfeiture of the land entered by his predecessor, and that upon payment of the interest due upon the said contract the same be reinstated.

*Mandamus   awarded.*