### ED. ERICKSEN v. S. D. McWHORTER.

Decided October 15, 1910.

**1.—Public Land—Husband and Wife—Occupancy by Wife.**

In determining the question whether or not public school land had been settled upon and occupied in accordance with the spirit of the law requiring actual occupancy of such land by a purchaser from the State, the jury should be allowed to consider the joint acts of the husband and wife in that respect.

**2.—Same—Occupancy—Definition—Charge.**

The issue being whether or not a purchaser of public school land had settled upon and continuously occupied the same as required by the statutes, the court charged the jury as follows: "By the term 'actual settler' as used herein is meant one who actually, in person and in good faith, settled upon and lived upon the land for the purpose of making same his home, and such residence and occupancy must be continuous (except the temporary absence as hereinafter explained) and in person. Occupancy by one's wife without his presence is not sufficient." Held, in view of the facts of this case, too restrictive of the settler's rights, and upon the weight of the evidence in excluding from the consideration of the jury the occupancy of the land by the wife during the absence of her husband.

**3.—Same—Occupancy by Wife.**

Intimated that occupancy of public school land purchased from the State, by the wife and children while the husband pursued his occupation (in this case, that of a blacksmith) in a neighboring town, might be a sufficient compliance with the requirements of the statute in the matter of occupancy.

Appeal from the District Court of Midland County. Tried below be-fore Hon. S. J. Isaacks.

*A. S. Hawkins,* for appellant.—The definition and use of the term, "actual settler," as contained in the court's charges, was too restricted, as it limited the settlement and occupancy to the personal acts of appellant, without regard to anything done by his wife whatsoever. Cordill v. Moore, 43 S. W., 298; Borchers v. Mead, 43 S. W., 300.

The last sentence of the charge quoted, "Occupancy by one's wife without his presence is not sufficient," was on the weight of the evidence. Lewis v. Scharbauer, 76 S. W., 225; Cordill v. Moore, 43 S. W., 298; Borchers v. Mead, 43 S. W., 300.

*Jno. B. Howard,* for appellee (*L. A. Dale,* of counsel).—One can not occupy school land by proxy, and the court correctly instructed the jury that occupancy by one's wife without his presence is not sufficient. Arts. 4218i, 4218j, Rev. Stats.; section 3, Act 1901, p. 294; Singleton v. Wright, 54 S. W., 249; Andrus v. Davis, 89 S. W., 772; Overfelt v. Vinson, 103 S. W., 1189.

CONNER, CHIEF JUSTICE.—Appellant as plaintiff and appellee as defendant presented to the court below conflicting claims to sections 11, 12, 15 and 16, in block A, of the public free school lands in Midland County. It was agreed that appellant by regular transfers and applications duly filed and accepted by the Land Office became the owner of the land in controversy as a substitute purchaser from the State of Texas about the 3rd day of March, 1908, and that thereafter the Commissioner of the General Land Office cancelled or attempted to cancel appellant's purchase on the ground of a failure on his part to occupy and improve the lands as required by law, the Commissioner thereafter awarding the lands to appellee. This appeal is from a judgment in appellee's favor.

The only contested issue on the trial was that of settlement and continued occupancy which was thus submitted by the court's charge, viz.:

"V. If you find and believe from the evidence that the plaintiff did not actually and in person and in good faith settle on some portion of said land on the date of his purchase of same, or prior thereto, then you will find for the defendant.

"VI. If you find and believe from the evidence that the said Ed Ericksen did settle on the land in controversy at the date or before the purchase of same by him, but further find that the said Ed Ericksen afterwards abandoned same or did not continue to reside upon said land in good faith and make his home thereon until the date of the cancellation of same by the Commissioner of the General Land Office, then you will find for the defendant.

"VII. By the term 'actual settler' as used herein is meant one who actually, in person and in good faith, settled upon and lived upon the land for the purpose of making same his home, and such residence or

occupancy must be continuous (except the temporary absence as hereinafter explained), and in person. Occupancy by one's wife without his presence is not sufficient."

While it is undoubtedly true that a purchaser of State school lands may not fulfill the conditions of settlement and occupancy by proxy, we think as applied to the facts of this case the court's charge was restrictive of appellant's right and upon the weight of the testimony, particularly in that clause wherein the jury were instructed that "Occupancy by one's wife without his presence is not sufficient."

It is undisputed that appellant was a married man and the head of a family consisting of himself, wife and several children, and he and his wife both testified to the effect that at or before the purchase under consideration, appellant in person went upon the land and thereafter was there one or more times and assisted in making certain improvements. The evidence is also almost, if not quite, undisputed that his wife, with certain temporary absences not assailed, continuously occupied the land in controversy, building the home, erecting fences, ploughing the ground, etc. True, there was evidence showing that appellant, as had been agreed upon between himself and wife, remained a much greater part of the time from the date of his purchase in the town of Midland pursuing his business as a blacksmith, but he testified that he had no home other than the one in controversy; that he purchased it for a home so intending it; that there was nothing upon the land that he could do and that such absence was necessary in order to secure money with which to pay his indebtedness thereon. In this condition of the evidence we think the court erred in unduly emphasizing the necessity of appellant's personal occupancy and in excluding a consideration of the acts of the wife.

The wife at the time of appellant's purchase was the connubial partner, and the appellant's contract with the State was a community obligation through which the wife acquired a one-half interest in the land, and she, as well as the husband, was a "purchaser" within the meaning of the law, as has been recently decided by our Supreme Court in the case of Leaverton v. Robison, 102 Texas, 516. Regardless, therefore, of the husband's absence, it may be well doubted whether the Commissioner of the General Land Office had the power to cancel the purchase and to again place the land upon the market subject to appellee's purchase or attempted purchase during the wife's good faith settlement and continued occupancy and improvement.

But aside from this question, which we need not now decide, it must certainly be true that the jury would have the right to look to the joint acts of appellant and his wife in determining whether the land in controversy in fact had been settled upon and occupied in accordance with the spirit of the law so requiring. See Willingham v. Floyd, 32 Texas Civ. App., 161 (73 S. W., 831).

We conclude that the court erred in his charge as indicated, and that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*