STATE OF TEXAS V. IRA B. DAVIDSON.

Decided November 9, December 14, 1910.

**1.—School Land—Purchaser—Settlement and Residence—Statute.**

The Act of May 16, 1907, Laws Thirtieth Legislature, page 490 (First Called Session), requiring that purchasers of school land "in person reside continuously" on the land for three years repealed the permission given by the former law to reside elsewhere for six months in the year for the purpose of educating

their children or making money to pay for the land, but did not otherwise change the character of residence required. It did not mean that the purchaser should never be absent from the land.

**2.—Same—Other Residence.**

The fact that no other residence was acquired by the purchaser of school land in his absences therefrom, though not conclusive, is to be considered in determining whether his absences were an abandonment of his residence on the land.

**3.—Same—Absence from Land.**

Evidence considered in an action to forfeit the title of a purchaser of school land for failing to maintain his continuous personal residence on the land, he being absent at various times and for various purposes, and held to support a finding that the purchaser's title was not forfeited thereby. Bustin v. Robison, 102 Texas, 526, followed, and Andrus v. Davis, 99 Texas, 303, distinguished.

Appeal from the District Court of Travis County.    Tried below before Hon. Chas. A. Wilcox.

*Jewel P. Lightfoot,* Attorney General, and *L. A. Dale,* Assistant, for appellant.—Every purchaser of school land on condition of settlement since August 10, 1907, is required to, in person, reside continuously on either the designated home tract or on some portion of the land purchased as additional thereto, for three consecutive years next succeeding the date of the award of the home tract.    Section 6a, General Laws of 1907, p. 491; Black v. Delaware & R. Canal Co., 22 N. J. Eq., 130, 402; People v. Sullivan, 33 Pac., 701; Ingraham v. Hough, 46 N. C., 43. The settlement upon and occupancy of school land, when purchased from the State under our actual settlement law, must be actual and not constructive, and must be made and performed in good faith, as and for a home.    Art. 4218j, Rev. Stats., 1895; sec. 6a, Acts of 1907, p. 491; Busk v. Lowrie, 86 Texas, 132; Hardman v. Crawford, 95 Texas, 193. Absence from school land for a greater period than six months in any one year is, in law, an abandonment of said land.    Art. 4218l, Rev. Stats.; Andrus v. Davis, 99 Texas, 303; Overfelt v. Vinson, 46 Texas Civ. App., 381.

*Chas. Rogan, E. Cartledge,* and *McGown & Price,* for appellee.— The evidence amply supports the findings of fact of the trial court that appellee settled on his land December 25, 1907, and that said settlement was made by him in good faith as a home.    Singleton v. Wright, 54 S. W., 249.    Appellee's residence on the land involved was, in contemplation of law, a continuous residence and occupancy, and that the tempory absence as shown constituted no legal break or interruption of his residence upon and occupancy of said land, as the law requires.    Art. 4218j, Batts' Civ. Stats., p. 766; sec. 3, Acts 27th Leg., p. 294; sec. 3, Acts 29th Leg., p. 163; sec. 6a, Acts 30th Leg., p. 492; Bustin v. Robison, 102 Texas, 526; Willoughby v. Townsend, 93 Texas, 80; Singleton v. Wright, 54 S. W., 249.    On continued ocupancy:    Whitehead v. Foley, 28 Texas, 15; Elliott v. Mitchell, 47 Texas, 451; Borchers v.

Mead, 43 S. W., 300, 17 Texas Civ. App., 32; Rushing v. Chandler, 2 Posey U. C., 605.

KEY, CHIEF JUSTICE.—The nature and result of this suit are stated as follows in appellant's brief: "This is an action in trespass to try title, brought by the State of Texas, as plaintiff, against Ira B. Davidson, as defendant, involving eight sections of land of 640 acres each, situated in El Paso County, and fully described in plaintiff's petition. The petition charged that the defendant never settled in good faith upon either of said tracts of land, with the intent and purpose of making his home thereon, and never, in good faith, actually resided upon or occupied said sections of land or either of them, as by law required of purchasers of public free school land. That on April 10, 1909, the Commissioner of the General Land Office, being sufficiently informed of the failure of the defendant to comply with the law as to settlement, residence and occupancy, as alleged in said petition, entered an indorsement of forfeiture across the face of the obligations for the unpaid purchase money, and on and across the respective file wrappers, containing defendant's applications and obligations. Said petition closed with a prayer for a judgment against the defendant for recovery of title to and possession of each and all said tracts of land, and for a decree of court cancelling, annulling and holding void and of no force or effect, the purchases by defendant and finding and declaring forfeiture of the awards and sales to him and for writ of possession, etc.

"The defendant answered by general demurrer, general denial and plea of not guilty. The cause was tried before the court without the intervention of a jury, and the court rendered judgment for the defendant, Ira B. Davidson, and decreed that the State of Texas take nothing by this suit, to which judgment and ruling of the court the plaintiff, State of Texas, in open court, duly excepted and gave notice of appeal to this court and assigned errors, and this cause is now regularly before this court on appeal."

The trial court filed the following findings of fact and conclusions of law:

"*Findings of Fact.*—1. Defendant filed applications to purchase eight sections of land described in the plaintiff's petition, except section 34, on September 23, 1907; his application to purchase section 34 was filed on the 29th day of October, 1907. The first seven sections applied for were awarded to the defendant on September 28, 1907, and section 34 was awarded to him on October 29, 1907. Section No. 28 was designated as his home section. Defendant made his first payment on said land and filed his obligations for the balance of the purchase money and interest; and he has paid to the State all payments due upon said land up to this time. Defendant's applications to purchase and his obligations for the deferred payments were in regular and legal form. As there is no controversy as to these matters, reference is made to the statement of facts for a more extended statement. The only contro-

verted issue in the case is as to the sufficiency of defendant's settlement, occupancy and residence upon said lands.

"2. I find that on December 25, 1907, the defendant settled upon section No. 26. That said settlement was made by him in good faith as his home, and that he remained upon said land the remaining days of 1907 and up to April 20, 1908, after which he spent a portion of his time upon said land, and a portion off of it.

"I find that defendant is a young unmarried man; that he was unable to use the land purchased by him for such purposes as would enable him to make a living off of it; and that it was necessary in order to support himself and in order to earn money with which to pay the annual payments on his land, that he work at some character of manual labor.

"I find that at various times during the years 1908 and 1909, defendant worked for ranchmen and others in the neighborhood of his land, and that during such times he usually slept and ate where he was employed, but would usually return to his home place on Saturday and spend Sunday at home. That while so employed he would sometimes return to his home place oftener than once a week, and sometimes he would be absent from home as long as two weeks at a time. When not employed he would spend his time at home, on the land in controversy; and he so remained at home on various occasions from a few days to one and two months at a time. From November 27, 1908, until January 25, 1909, defendant was absent from his land on a visit to his parents in Oklahoma. During the year 1910, up to the date of the trial, he lived continuously upon his land. I find that during the period covered by the above findings the defendant has had a house and furnishings upon the land sufficient for his needs, and that he cooked, ate and slept there when at home, and that he kept his clothing there. That the days he was at his home and was actually upon his land would aggregate, during the year 1908, over six months. In 1909, the days spent upon his land would aggregate probably about four months, certainly less than six months.

"I find that his absences from the land were necessary as above stated, and that during all of this time the defendant, in good faith, considered the house upon the land in controversy as his home.

"*Conclusions of Law.*—I conclude that defendant's residence upon the land in question has been in contemplation of law a continuous residence and occupancy; that his temporary, though frequent absences from his home, under the circumstances, constitute no legal break or interruption of his residence upon and occupancy of the land. I conclude that defendant has complied with the spirit of the law, and that the State is not entitled to recover the land."

*Opinion.*—Testimony was submitted which sustains the findings of fact, and the case must be disposed of in this court upon the facts as found by the trial court. On behalf of the State it is earnestly insisted that the testimony shows that appellee had abandoned his residence upon the land, which abandonment worked a forfeiture and entitled the State to a judgment for the recovery of the land. On the other hand, and

with equal earnestness, counsel for appellee contend that such abandonment of residence was not shown, and that the trial court rendered the proper judgment. The case is not free from difficulty. The testimony brings it within that class where fair-minded persons might reach different conclusions. Counsel for appellant contend, and perhaps correctly, that so much of the former statute as authorized purchasers of school land to reside elsewhere as much as six months in each year for the purpose of educating their children or making money to pay for the land, was repealed by the Act of 1907, which prescribes that such purchasers "shall in person reside continuously" on the land. However, and notwithstanding the repeal of the former statute, we are satisfied that it was not the intention of the Legislature to require purchasers of school land to remain in person upon the land each and every day for three consecutive years, and to prescribe a forfeiture if a purchaser was absent from his land for as much as one day. Before the passage of the Act of 1907, the statute prescribed that "all purchasers shall be required to reside upon as a home the land purchased by them for three consecutive years next succeeding the date of their purchase"; and it is not believed that the phraseology of the Act of 1907, declaring that such purchasers shall "in person reside continuously" on the land, added anything to what was formerly required, except that it repealed the legislative permit to reside elsewhere six months in each year for the two purposes specified in the former law. Under the former law, as construed by the courts, apart from the exception referred to, purchasers of school land were required, in person, to continuously reside upon the land for three consecutive years; and, therefore, it is not perceived that the use of the words "in person" and "continuously" added anything to the former law, otherwise than to repeal the legislative permit already referred to.

In Bustin v. Robison, 102 Texas, 526, our Supreme Court held that a purchaser of school land who, after settling thereon, went to California to visit her parents, was detained by sickness and remained away from the land about three months, had not abandoned her residence on the land, nor forfeited her rights as a purchaser. That case is not entirely analogous, there being but one absence, which was for the purpose of visiting relatives and on account of an unavoidable sickness; while in this case there were many absences, the most of which were for business reasons. However, in this case the longest absence was for the purpose of visiting relatives, and that was not as long as the absence in the case cited. It may be conceded that appellee's other absences from the land were so frequent and of such a nature as to justify doubts as to whether his purchase and original occupancy of the land were in good faith, for the purpose of making it a home. Nevertheless, the proof submitted by the State, and not controverted, was to the effect that after the land was awarded to appellee in the manner prescribed by law, he settled upon it and continuously occupied it as his home for three or four months; and we can not say that the trial court erred in holding that he purchased and settled on the land in good faith. The main con-

tention on behalf of appellant is that, after complying with the law up to that time, he then abandoned his residence upon the land, and thereby forfeited his rights as a purchaser.

It is a well settled rule that the law does not favor forfeitures, and requires strict proof of all the facts necessary to create a forfeiture. Furthermore, the learned trial judge had the witnesses before him, one of whom was the appellee himself, and whose testimony on the witness stand was somewhat different from that given in his ex parte deposition and relied on by appellant; that the judge was in a better position than we are to determine the credibility of witnesses, and his remoteness from the section of the State in which the land in controversy is situated, as well as his standing as a judge, preclude any suspicion that he was influenced by any other motive than a desire to administer the law fairly and justly. As said by Mr. Justice Williams, in Bustin v. Robison, above cited, it would not be wise to undertake to lay down a general rule for this class of cases, the proper course being to dispose of each case according to its peculiar facts.

We do not regard the case of Andrus v. Davis, 99 Texas, 303, 89 S. W., 772, relied upon by counsel for appellant, as entirely analogous. In that case a woman who had purchased and settled upon school land left it and went off to school, where she remained about four months, then returned during the Christmas holidays and spent one or two days on the land, after which she returned to school and remained away from the land for about four months longer. In that case, it seems that the trial court held that the purchaser had forfeited her rights as such, because she had acquired another residence at Denton, where she was attending school; and, therefore, and necessarily, abandoned her residence upon the land there in litigation, and the appellate courts affirmed that holding. In the case at bar it was not shown that appellee had acquired another residence; and, while that circumstance may not be of controlling effect, it is entitled to consideration in determining whether or not he had abandoned his residence on the land in question.

In conclusion, it is deemed proper to say that this court has no desire to encourage fraud in any class of cases, and no disposition to discourage the efforts of the Commissioner of the Land Office and the Attorney General to prevent fraud in the acquisition of school lands. No doubt those officers have acted in good faith in the case at bar, and the most that we can say is that, while it is a close case on the evidence, we are not prepared to hold that the trial court erred in finding the facts nor in holding that appellee had substantially complied with the law under which he purchased the land.

*Affirmed.*

Writ of error refused.

### ON MOTION FOR REHEARING.

This motion has received careful consideration, and we find no reason for changing the conclusion reached in our former opinion. As the

motion lays stress upon the fact that the trial judge found as a fact that appellee was absent from his land more than six months during the year 1909, we deem it proper to explain that the testimony shows that nearly a month of that time was embraced in his visit to his parents; about ten days of it was consumed in assisting in driving a herd of cattle to Midland for shipment, and in visiting some friends at Pecos on the return trip. During the balance of that year appellee worked with live stock on a nearby ranch or did farm work in the valley near Clint, or remained at home upon his land. He left all of his household furniture and clothing in his house; and, during the time that he was doing ranch and farm work, he returned to his home from one to three times each week, with the exception of a few times when the ranch work carried him twelve or fifteen miles away. He testified that he returned home on the occasions referred to to see about his things, and that he generally stayed one night and sometimes longer, and cooked and slept in his house on his land. In fact it is quite clear that he never acquired any other residence.

Counsel for appellant have laid stress upon the fact that the proof shows that his cook stove was placed flat on a dry goods box, with no legs in the stove, until after the State's agent, Guyer, visited the place and interviewed appellee. It is urged that if a stove thus situated could be used for cooking and warming purposes without setting the box on fire, nevertheless its use in that manner tends to show that appellee's improvements were only temporary, and not intended as a permanent home, as he testified they were intended. It may be conceded that the circumstance referred to tends to support the conclusion urged, but, in the absence of proof that the use of the stove in that manner would have set the box on fire, that circumstance is not conclusive. The stove may have been constructed in such manner, or the box may have been made of such heat-resisting material as that appellee could have used the stove as he testified he did for the purpose of warming the house and cooking his meals.

The proof shows that appellee resided over 200 miles from the land at the time he contracted to purchase it from the State; and while it is located within two pastures, there is nothing to indicate any collusion between appellee and any other person, by which appellee was to obtain the land from the State for the use and benefit of such other person. And although, as said in our former opinion, the testimony bearing upon the question of settlement in good faith and continuous occupancy is very close, we do not feel justified in setting aside the judgment rendered by the trial court. However, the disposition that we make of this case ought not to be construed as offering encouragement to pretended settlers upon State school land, nor as discouraging the efforts of the Land Commissioner and the Attorney General to enforce the school land laws.

*Motion overruled.*