RAMSEY v. PATTERSON. †

(Court of Civil Appeals of Texas. Jan. 11, 1911. On Motion for Rehearing, Feb. 1, 1911.)

PUBLIC LANDS (§ 173*)—PURCHASE—FORFEITURE—TEMPORARY ABSENCE.

Rev. St. 1895, art. 4218l, provides that a failure of the purchaser to reside upon the land purchased from the state will forfeit the purchase, excepting a necessary and temporary absence for not more than six months in one year to earn money with which to pay for the land. *Held*, that where a purchaser, after remaining in actual possession thereon for 10 days, went to an agricultural college to take a course in veterinary surgery under contract with other persons who paid his expenses and agreed to pay him more than double what he had been receiving when he returned with his certificate from the college, his purpose being to earn an increased salary to pay for the land, and his intent being to return to the land, which he did, in good faith, being absent less than 2½ months, his absence was within the article and did not work a forfeiture of his purchase.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 549; Dec. Dig. § 173.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Andrew L. Patterson against C. C. Ramsey. Judgment for plaintiff, and defendant appeals. Affirmed.

Hicks & Hicks and Wallace H. Newton, for appellant. Ogden, Brooks & Napier, for appellee.

FLY, J. This is an action of trespass to try title to four sections of land belonging to the school fund, instituted by appellee, which was submitted to the court, without a jury, and was decided in favor of appellee, and this appeal is prosecuted from the judgment awarding the land to appellee, and perpetuating the injunction restraining appellant from trespassing thereon.

The case is brought up under the following agreed statement:

"On the 1st day of September, 1905, the following designated school land in Webb county, Tex., was regularly on the market for sale to actual settlers under the law then in force relating to the sale of surveyed public school lands, to wit:

| Section. | Certificate. | Grantee. | Acres. | Price. | County. |
|---|---|---|---|---|---|
| 996 | 283 | Brooks & Burleson. | 640 | $2.50 | Webb |
| 998 | 175 | T. T. Ry. Co. | 640 | 2.00 | Webb |
| 1,472 | 2,885 | G. C. & S. F. Ry. Co. | 640 | 2.25 | Webb |
| 1,726 | 1,508 | G. L. & R. B. Ry. Co. | 640 | 2.00 | Webb |

"Second. On the 2d day of September, 1905, the plaintiff, Andrew L. Patterson, then living and being in Webb county, Tex., made his application to the Land Commissioner for the purchase of said lands and designated in said application said section 996 as the home section.

"Third. On the 21st day of October, 1905, all of said land was awarded upon said application to the plaintiff, Andrew L. Patterson, by the Commissioner of the General Land Office.

"Fourth. Plaintiff, Andrew L. Patterson, paid in to the proper state authorities at the time of his application, out of his own money, one-fortieth of the purchase money for said land and executed his obligation for the balance in accordance with law and has paid promptly at maturity the interest on the unpaid purchase money for each year thereafter as it became due; said payments having been made of the money earned by plaintiff as veterinary in charge of the horse stock of his employers, as stated in the tenth paragraph of this statement, after his return from college.

"Fifth. On the 21st day of October, 1905, being the date of the award of the land to the plaintiff, he was in person at the Agricultural and Mechanical College of Texas, at College Station, Tex., where he was taking a course in veterinary surgery, having arrived at said college on October 4, 1905.

"Sixth. On the 23d day of December, 1905, the plaintiff, Andrew L. Patterson, returned from College Station to Webb county, Tex., and made his settlement, as required by law, upon said section 996, and remained on the land for 10 days, and on January 23, 1906, returned to College Station and continued his course of study in veterinary surgery.

"Seventh. On January 6, 1906, the plaintiff being at College Station, he forwarded

to the Commissioner of the General Land Office his affidavit of settlement on the land, as required by law. '

"Eighth. On January 25, 1906, the Commissioner of the General Land Office wrote to the plaintiff, Andrew L. Patterson, at College Station, a letter acknowledging the receipt of the affidavit of settlement and of plaintiff's letter advising the Commissioner that plaintiff was attending college at that time at the Agricultural and Mechanical College.

"Ninth. The plaintiff remained at College Station pursuing his course in veterinary surgery from the 3d day of January, 1906, until the 16th day of March, 1906, when he returned to Webb county, and has resided on the land ever since, and has made the improvements required by law, and while he was at the Agricultural and Mechanical College it was his intention all the time to return to Webb county and reside on said land.

"Tenth. When the plaintiff returned to the land on the 16th day of March, 1906, as above stated, he went to work hauling posts and blocks and built a house upon the land, and stayed there and did his work, and after he got the house up began active practice as a veterinary in charge of his employer's horse stock, and has been in that service ever since, and is now receiving $60 per month salary for said service.

"Eleventh. While the plaintiff was absent from the land attending the Agricultural and Mechanical College, he was doing so under an agreement with his employers, Joseph F. Green & Co., stock raisers and ranchmen, that after he finished his course in veterinary surgery at said institution they would employ him as a veterinary surgeon to look after their horse stock. The plaintiff was, and had been for many years previous to his application for the land, employed by Joseph F. Green & Co. on their Dimmit county ranch as a common hand, and he was receiving about $25 per month wages. A short time before plaintiff began taking his veterinary course at the Agricultural and Mechanical College, his employers had decided to embark largely in the raising of horses and mules, and wanted some one skilled in veterinary science to look after their horse stock, and it was arranged with plaintiff to take a veterinary course so that he would be qualified to take the position, and his employers paid his expenses while he was at the Agricultural and Mechanical College.

"Twelfth. On the 31st day of October, 1908, the Commissioner of the General Land Office forfeited said land and canceled said award to the plaintiff, on the ground of nonoccupancy and abandonment, and in the manner required by law placed the same again upon the market, and the plaintiff received on said day from the Commissioner of the General Land Office a letter notifying him of such forfeiture.

"Thirteenth. On the 1st day of February, 1909, plaintiff forwarded to the Commissioner of the General Land Office his proof of three years' occupancy and improvements; and on the 17th day of February, 1909, the Commissioner of the General Land Office acknowledged receipt of such proofs.

"Fourteenth. The Commissioner of the General Land Office, after canceling the award to the plaintiff on October 31, 1909, immediately placed said land again upon the market, as required by law, and listed it with the county clerk of Webb county for sale to actual settlers.

"Fifteenth. On November 4, 1908, the defendant, C. C. Ramsey, filed in due form of law his application in the General Land Office to purchase all of said land and deposited with the proper officer of the state the first payment on the land and executed his obligations for the deferred payments, as provided by law, and in his application designated section 996 as the home section.

"Sixteenth. On November 14, 1908, the Commissioner of the General Land Office awarded said land to the defendant, C. C. Ramsey, and said award was made to defendant before plaintiff had any notice or any opportunity to bid on said land.

"Seventeenth. On January 10, 1909, defendant moved on the land, and on January 17, 1909, he filed with the Land Commissioner, as required by law, his affidavit of settlement and began to fence the land, when he was forcibly prevented from doing so by an injunction issued out of the district court of Webb county, Tex., at the instance of Andrew L. Patterson, plaintiff, in a suit of trespass to try title and for injunction.

"Eighteenth. Since said injunction was issued, defendant, C. C. Ramsey, in obedience thereto, has refrained from attempting to fence the land, but has remained on the land and has asserted his claim to it under his said purchase from the state and settlement as aforesaid, and is still asserting said claim, and has paid the state the interest due on his obligations as they became due.

"Nineteenth. The plaintiff claims that he was the purchaser of and an actual settler upon said land in accordance with law, and that he never abandoned the same, and that, while he was absent from the land attending the Agricultural and Mechanical College, he was absent for the purpose of earning and enabling him to earn money with which to buy said land, and intending to return and reside on said land, and that the act of the Land Commissioner in canceling his claim for abandonment and nonoccupancy and awarding the land to the defendant was unlawful and void, and that he still is the owner of said land.

"Twentieth. The defendant claims that the act of said Commissioner in canceling plaintiff's claim to the land for abandonment and nonoccupancy was proper and lawful, and that the award being canceled and the land placed again upon the market, and having,

upon his application, been awarded to him, that he is now the owner of the land in controversy."

Under the act of 1905 (Gen. Laws, p. 159 et seq.), appellee had 90 days from the acceptance of his application to purchase in which to actually settle on the land, and before the expiration of the 90 days he actually settled on the land, and in less than 30 days from the expiration of the 90 days he filed in the Land Office his affidavit that he had in good faith actually settled in person upon the land purchased by him. The absence of appellee from the land prior to his actual settlement thereon has no bearing whatever upon the merits of the case and will not be considered in arriving at a conclusion as to the effect his absence had upon his rights in the land. He actually settled upon the land on December 23, 1905, and remained thereon for 10 days, and the only absence to be taken into account is the period of time from January 3, 1906, to March 16, 1906, being 71 or 72 days, and the only issue is: Did that absence from the land cause or produce a forfeiture of the purchase of the land?

It is provided in article 4218l, Rev. St. Tex. 1895, that a failure to reside upon and improve the land purchased from the state will forfeit the purchase; but it is specially provided that a necessary and temporary absence from the land for not more than six months in one year for the purpose of earning money with which to pay for land, or for the purpose of schooling the children, shall not work a forfeiture of the title. It clearly appears from the facts that appellee went to the Agricultural and Mechanical College of Texas for the purpose of perfecting himself in a certain calling, that he did it under a contract with certain parties who paid his expenses, and who contracted to pay him more than double what he had been receiving, when he returned with his certificate from the college, that his purpose was to fit himself for earning the increased salary in order to pay for the land he had purchased, and that he intended all the time to return to and reside on the land, and that he did return to and reside in good faith on the land as his home. We think the facts bring the appellee clearly within the spirit, if not the strict letter, of the law. His was merely a temporary absence, for the purpose of fitting him the more easily to pay for the land, and if an absence of four months on account of sickness would not work a forfeiture, as held in Bustin v. Robison, 102 Tex. 526, 119 S. W. 1140, it is inconceivable that an absence of less than 2½ months to obtain a diploma or certificate which would place the purchaser in a position under a contract to earn money to pay for the land would not be excused by the statute. There was never at any time any intention to abandon the land, but the very object of the absence was to make more certain the purchase of the land by fitting the applicant to pay for it, and when that was accomplished appellee returned to the land, improved it, and resided on it in good faith with the intention of making it his home.

The case of Andrus v. Davis, 99 Tex. 303, 89 S. W. 772, is relied upon by appellant; but the facts in that case are very different from the facts in this case. There the purchaser was absent for eight months attending school, not for the purpose of preparing herself to earn money to pay on the land, and in the opinion of the Court of Civil Appeals, which was adopted by the Supreme Court, it was said: "While it cannot be denied that one may actually reside upon the land and yet be occasionally temporarily absent therefrom, yet taking into consideration the length of the absence, its purpose, and the necessary residence at a place other than on the lands in controversy, it cannot be held that appellant was actually residing during this time upon the lands purchased from the state." The decision might well have been rested upon the fact that the statute does not permit absence from purchased land for more than six months in any one year, and, no matter what may have been the purpose in remaining off the land for more than six months, such absence would work a forfeiture.

The case of Slaughter v. Terrell, 100 Tex. 600, 102 S. W. 399, cited by appellant, does not bear upon the issue under consideration.

The judgment is affirmed.

### On Motion for Rehearing.

Since our former opinion was delivered, the case of State of Texas v. Davidson, 132 S. W. 520, decided by the Court of Civil Appeals of the First District, has been published, which sustains the decision of this court. It is true it is held in that opinion that the provision of law permitting persons to reside off the land purchased from the state, for any period not exceeding six months, if the purpose be to educate children or to earn money to pay for the land, has been repealed by the law of 1909, upon which ruling it is unnecessary to express an opinion, still, without being controlled by that provision, the court held that an absence of more than six months during one year, while the purchaser was working with live stock and visiting, did not justify a forfeiture of his purchase for nonresidence. The purchaser in that case resided more than 200 miles from the land at the time he contracted to purchase it from the state, and he spent more time off the land than on it, and the improvements were of the most temporary character. The court reviewed the case of Andrus v. Davis, 99 Tex. 303, 89 S. W. 772, and held it not to be in conflict with the ruling of the Court of Civil Appeals, because the purchaser in that case was shown to have acquired another residence, and for that rea-

son a forfeiture was held to have been justified. The court held: "It is a well-settled rule that the law does not favor forfeitures, and requires strict proof of all facts necessary to create a forfeiture." A writ of error was refused.

Waiving any right that appellee may have had under the old statute to leave the land for the purposes therein designated, for 2½ months, after he had settled upon it, we are of the opinion that the facts of this case did not justify a forfeiture of the purchase. It is admitted that appellee settled on the land as required by law, that he did not leave the land with the intent to abandon it, but wrote to the Land Commissioner that he had, a few days before, left the land to attend the Agricultural and Mechanical College. It is agreed that it was his intention to return to the land, all the time he was attending the college, and on March 16, 1906, he returned to the land, improved it, and had ever since resided thereon. He made all the payments required and performed every other duty demanded by law in order to perfect his title. The land was awarded to appellant after appellee had in good faith resided on it for nearly three years. The forfeiture by the Land Commissioner was not justified by the law or the facts. The cases of Bustin v. Robinson and State v. Davidson, herein cited, fully sustain the position of this court.

The motion is overruled.