RAMSEY v. PATTERSON.

(Supreme Court of Texas. Nov. 13, 1912.)

PUBLIC LANDS (§ 172*)—PURCHASE FROM STATE—FORFEITURE—TEMPORARY ABSENCE.

Rev. St. 1895, art. 4218l, provides that a failure of a purchaser to reside upon land purchased from the state will forfeit the purchase, excepting a necessary temporary absence for not more than six months in any year to earn money to pay for the land. A purchaser left his land to take a course in veterinary surgery under a contract for his services when he returned, with the proceeds of which he intended to pay what he owed on the land. Held, that the statute contemplates only an absence when actually earning the money, and the absence for the purpose of schooling is not within its terms and would work a forfeiture.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 523–543; Dec. Dig. § 172.*]

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Andrew L. Patterson against C. C. Ramsey. From a judgment for plaintiff, defendant appealed to the Court of Civil Appeals, and from a judgment of affirmance therein (133 S. W. 930) brings error to the Supreme Court. Reversed and rendered.

Hicks & Hicks, W. H. Newton, and B. W. Teagarden, all of San Antonio, for plaintiff in error. Ogden, Brooks & Napier, of San Antonio, for defendant in error.

BROWN, P. J. Patterson sued Ramsey in trespass to try title to recover four certain sections of school land, hereinafter described, situated in Webb county. The case is before us upon an agreed statement which we copy from the opinion of the Court of Civil Appeals, as follows:

[See 133 S. W. 930.]

The only question in the case is, Did Patterson's absence at the Agricultural & Mechanical College for about 72 days cause a forfeiture of his purchase by an abandonment of the possession of the land? To avoid that, Patterson relies upon the following proviso in Article 4218l of the Revised Statutes: " * * * Provided, that all necessary and temporary absence from such land of such purchaser, for the time of not more than six months in any one year, for the purpose of earning money with which to pay for the land, or for the purpose of schooling his children, shall not work a forfeiture of his title."

Patterson relies upon his contract with Joseph F. Green & Co. to attend the Agricultural & Mechanical College for the purpose of qualifying himself as a veterinary surgeon, after which he would be employed by them at a salary of $60 per month, and with which money he purposed to pay for the land. The plain import of the proviso is that such purchaser might be absent six months while earning money to pay for the land. The money must have been earned during his absence. The facts do not bring this case within the proviso. Hardships of the law cannot be relieved by the courts. It is too clear that Patterson's purchase was forfeited to permit of discussion.

It is therefore ordered that the judgments of the district court and of the Court of

Civil Appeals be reversed, and that judgment be here entered that C. C. Ramsey recover of and from defendant in error, Andrew L. Patterson, the possession and title to the four sections of land in controversy, with all costs in this behalf expended.