### ED ERIKSEN v. S. D. McWHORTER.

No. 2512. Decided May 2, 1917.

**1.—Public Land—Sale—Settlement.**

The settlement on school land required of a substitute purchaser from the State (Rev. Stats., 1911, art. 5436) must be by the purchaser himself, and not by agent, and actual, not constructive, but the purchaser's continuous and unbroken presence upon the land is not necessary. (P. 391.)

**2.—Same.**

Making and maintaining actual settlement on the land means the purchaser's establishment there, in good faith, of his place of permanent abode and such personal occupancy thereafter as clearly preserves its character as the place of such abode. (Pp. 391, 392.)

**3.—Same—Occupancy by Wife and Family.**

The occupancy of school land by the wife and family of the purchaser, improving and making it their home, though the husband, pursuing his trade as a blacksmith elsewhere, lived only occasionally on the land, was not to be disregarded or treated, as a matter of law, as a mere constructive occupany by him. Her presence was evidence of a home established on the place. See evidence held not insufficient, as matter of law, to support a finding of actual settlement on the land made and maintained by the purchaser. (Pp. 391-393.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Midland County.

The action was by Eriksen against McWhorter, and between conflicting claimants as purchasers of school land. Eriksen had judgment and McWhorter appealed. The judgment was reversed and rendered in his favor (151 S. W., 624). Eriksen thereupon obtained writ of error.

*A. S. Hawkins,* for plaintiff in error, cited: Eriksen v. McWhorter, 132 S. W., 847; Eriksen v. McWhorter, 143 S. W., 245; Leaverton v. Robinson, 120 S. W., 169; Willingham v. Floyd, 32 Texas Civ. App., 161, 73 S. W., 831; Brown v. Robinson, 131 S. W., 401; Cheser v.

Baughman, 22 Texas Civ. App., 435, 55 S. W., 132; State v. Davidson, 132 S. W., 520.

*John B. Howard,* for defendant in error.—A purchaser of school land as an actual settler under the law of 1905, the law under which this land was purchased can not make his settlement or complete his occupancy on same by proxy, and such occupancy and settlement must be actual and not constructive and the same must be in person. Secs. 3 and 4, Act of 1905, regulating the sale of school land to actual settlers; Payton v. Love, 20 Texas Civ. App., 613, 49 S. W., 1109; Chesser v. Baughman, 22 Texas Civ. App., 435, 55 S. W., 132; Willingham v. Floyd, 32 Texas Civ. App., 161, 73 S. W., 831; Lewis v. Scharbauer, 33 Texas Civ. App., 220, 76 S. W., 225; Andrus v. Davis, 99 Texas, 303, 89 S. W., 772; Eriksen v. McWhorter, 143 S. W., 245; Eriksen v. McWhorter, 132 S. W., 847; Hardman v. Crawford, 95 Texas, 193, 66 S. W., 207; Busk v. Lowrie, 86 Texas, 128, 23 S. W., 983; Ramsey v. Patterson, 150 S. W., 889.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question presented by the case is that of the validity of the settlement by Eriksen, the plaintiff in error, upon certain school land of which he was the substitute purchaser from the State. This is the third appeal of the case. Judgments adverse to Eriksen have been twice reversed by the Court of Civil Appeals for the Second District. 132 S. W., 847, 143 S. W., 245. Upon the third trial, before a jury, he prevailed. On the appeal judgment was rendered against him by the Court of Civil Appeals for the Eighth District.

Eriksen purchased the land in March, 1908, trading in his former home in another county, worth about $3000, and giving, as the balance of the purchase price, some money and about $3000 in notes. In October, 1908, his purchase was forfeited by the Commissioner of the General Land Office "for failure to reside on the land as required by law." The land was afterwards awarded by the Commissioner to McWhorter.

The necessary three years residence upon the land had not been completed when Eriksen acquired it. In purchasing the land it was necessary, therefore, that he become an actual and bona fide settler upon it, and that he continue to be such a settler for the time necessary to constitute the three-year period. Article 5436, Rev. Stats., 1911. The requirement of the law does not mean that the purchaser's continuous and unbroken personal presence upon the land is necessary. Bustin v. Robison, 102 Texas, 526, 119 S. W., 1140. But it does mean that the settlement must be by the purchaser himself, and not by an agent or proxy; that it must be actual, and not constructive or virtual. Hardman v. Crawford, 95 Texas, 193, 66 S. W., 206. It means what the term, "actual settlement," itself best expresses,—such personal use of the land, in the first place, as plainly evidences the purchaser's estab-

lishment there, in good faith, of his place of permanent abode, and such personal occupancy thereafter as clearly preserves its character as the place of such abode.

Eriksen was a married man and the head of a family at the time of his purchase of the land. His family consisted of his wife, several children, all grown, apparently, except one boy, about seventeen years of age, and a young nephew. He was a blacksmith in the town of Midland. He had no home. He had not previously acquired any land from the State. His investment in the land represented, as he testified, all that he had. The evidence leaves no doubt that he purchased the land for the purpose of making a home upon it. He did not, himself, immediately go upon the land, nor until possibly two months after its purchase. However, he had his wife immediately settle upon it. The young nephew went with her. She carried household effects for living purposes and materials for the improvement of the land, all furnished by Eriksen. With the assistance of the nephew and a hired man she at once began the building of a house, which she personally helped to erect, the construction of fences, the digging of a tank, etc. The minor son was upon the land some of the time and assisted in a part of this work. Mrs. Eriksen occupied the land as the home of herself and husband from the time of its purchase to the date of the forfeiture, with occasional trips into Midland for provisions and supplies. Her longest absence from it was a two months' stay in Midland, beginning the latter part of August, after she had occupied and worked upon the land since March. This absence, according to her testimony, was for some necessary purpose. Eriksen paid all the expenses incurred in the improvement of the place, maintaining his wife and the others of the family on the place. He remained in Midland, working at his trade for the purpose, as was testified, of earning the money with which to pay for the improvement of the place and provide sustenance for his wife and those with her there. About two months after the purchase he went out to the land, and remained about two weeks. During this time he worked upon it, building fences, hauling water, etc. He was there at subsequent times, two, or possibly, three times, all told, remaining two or three weeks each time, and while there worked about the place, assisting in its improvement. According to his testimony he regarded the land as his home, and had no other home.

It can not be held as a matter of law, under these circumstances, that Eriksen was not an actual bona fide settler upon the land. The evidence gives us no impression of subterfuge on his part, or an attempt to hold the land without his own actual settlement. It reflects, we think, an honest effort to establish a home there for himself and family. His investment of his former home in the land is one evidence of this. His situating his wife upon the land is another. There could be no better proof of such intention than the fact that by a common understanding she went there and attempted through improvement, though crude and primitive, to give it the semblance and character of a home.

Her occupancy is not to be disregarded, or treated as, at best, a mere constructive occupancy by Eriksen. It is rather to be viewed as a proper means of effecting his own settlement. It was not only indicative of a purpose to establish upon the land his place of abode, but was of itself proof that he had there established it. Placing her upon the land and providing a house for her occupancy were in themselves acts of settlement performed by Eriksen. It is the wife who, primarily, gives a home its character. One of the best evidences of the establishment of the husband's home at a particular place in his making it the place of her habitation. Under the circumstances of the case it is difficult to disassociate the settlement of Mrs. Eriksen from that of Eriksen himself. As held in Willingham v. Floyd, 32 Texas Civ. App., 161, 73 S. W., 831, it may be considered as a settlement by both of them. Eriksen occupied the land at different intervals, working about the place, and giving evidence that he regarded it as his home. His occupancy was not continuous, nor of prolonged duration; but his continuous presence upon the land was not necessary to its remaining the place of his residence. In the state of the proof, the question was one of fact. It was concluded by the finding of the jury.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*

(Associate Justice Hawkins, being disqualified, did not sit in this case.)