## L. A. HARDMAN v. PERRY CRAWFORD.

### No. 1076. Decided January 23, 1902.

**1.—Practice on Appeal—Agreed Case.**

Upon an agreed case embodying the evidence necessary to present the issue of law agreed on, it must be presumed that every other fact necessary to sustain the judgment was proved, and was omitted because not deemed necessary to a revision of the particular question. (P. 197.)

**2.—School Land—Sale—Actual Settler.**

The sale to another, by a purchaser of school land as an actual settler, who has not perfected his claim by residence thereon for three years, gives to the vendee no rights against the State except to be substituted as an actual settler by complying with article 4218k, Revised Statutes; and an abandonment of settlement by the original purchaser, without such substitution, is cause for forfeiture and opening the land to settlement. (Pp. 198, 199.)

Error to the Court of Civil Appeals for the Third District, in an appeal from San Saba County.

Crawford sued Hardman in trespass to try title and recovered judgment, from which defendant appealed, and on its affirmance obtained writ of error.

*Leigh Burleson* and *Rector & Brown,* for plaintiff in error.—School land that has been properly awarded to an actual settler by the Commissioner of the General Land Office, even though subsequently abandoned by such settler, is not open to purchase by a subsequent settler until a forfeiture has been declared by the Commissioner of the General Land Office, or by judgment of the district court in a proceeding instituted by the State for that purpose, and the land again put upon the market for sale. Sayles' Rev. Stats., arts. 4218g, 4218j, 4218c; Willoughby v. Townsend, 53 S. W. Rep., 581.

A purchaser of school land as an actual settler may purchase four sections, provided not more than two sections are agricultural lands. These lands may be purchased in 80-acre lots or in multiples thereof. These purchases may be made at different dates and in different amounts, and added to the original purchase until the limit of four sections has been reached, provided the purchaser makes his home upon and actually resides upon some part of the school land purchased, and provided all the land purchased lies within a radius of five miles of the tract resided upon.

An actual settler upon a school land tract may purchase an adjoining tract of school land from the State as an actual settler, and hold and use both tracts as an actual settler, while continuously residing upon either as a home.

An actual settler upon a tract of school land may purchase from another actual settler an adjoining tract of school land, and by ob-

taining a transfer thereof and assuming the obligation to the State of such original purchaser, he may continue to hold said tract and acquire a title thereto without abandoning his home and settlement upon the tract first purchased. Sayles' Rev. Stats., art. 4218f; Schwarz v. McCall, 57 S. W. Rep., 31; Lee v. Green, 58 S. W. Rep., 848.

The filing in the General Land Office of the transfer from Gober, together with appellant's application and affidavit to purchase as an actual settler, which file was made in August, 1899, more than three years after the original application and purchase by Gober, could not affect the validity of his purchase and settlement under Gober. If that purchase and settlement were valid, the subsequent filing of above mentioned papers in the General Land Office would not invalidate them. If they were invalid such filing would not impart any validity to them, because not having filed his own personal obligation in the Land Office, the file continued to stand in the Land Office in the name of Gober, just as it stood before the filing.

*Allison & Walters,* for defendant in error.—If the land in question had been awarded to W. M. Gober under an application to purchase as an actual settler, and said Gober, during the imperfect state of his title, removed therefrom and abandoned the land and any intention of ever occupying it or attempting to perfect his title thereto, then, upon such voluntary abandonment, the land would again be upon the market for sale to any person entitled to purchase the same, although the original purchaser may have transfered his claim to another, who had also failed to occupy the land.

Upon the proposition that, when Gober abandoned the land in the year 1897, it was again upon the market for sale, "as if no such sale and forfeiture had occurred," we submit the following: Act of April 1, 1887, sec. 11, re-enacted May 7, 1897; Batts' Civ. Stats., art. 4218l; Metzler v. Johnson, 1 Texas Civ. App., 137; Hitson v. Glasscock, 2 Texas Civ. App., 617; Island City Savings Bank v. Dowlearn, 59 S. W. Rep., 308; Atkeson v. Bilger, 4 Texas Civ. App., 99.

Upon a proposition that a purchaser of State school land as an actual settler can not, as an original purchaser or as subvendee, hold any other land than the identical land described in his application, we submit the following: Art. 4218j, Batts' Civ. Stats.; Cordill v. Moore, 17 Texas Civ. App., 217; Creech v. Davison, 5 Texas Civ. App., 41.

It was agreed between the parties that at the time of appellee's application to purchase, the land in question had been duly classified, appraised and placed upon the market for sale, and the clerk of the county court notified, who had registered the same in a book kept by him for that purpose, and the question as to whether or not said land was on the market at the time of the respective applications to purchase by appellant and appellee was expressly eliminated.

Upon the trial the parties agreed the only issue involved was one of

law, which, in effect, was whether a person could purchase as an actual settler a tract of State school land of less than 640 acres, and while occupying said land, afterwards purchase other and different tracts of State school land, as an actual settler, without making any actual settlement of any of the lands subsequently purchased by him. That is, was a purchaser of 320 acres of State school land as an actual settler, while residing thereon, entitled, at other times and out of other tracts of State school land, to supplement his original purchase until the different purchases aggregated 640 acres, without making actual settlement on any of the land subsequently purchased by him.

BROWN, ASSOCIATE JUSTICE.—Perry Crawford instituted this suit in the District Court of San Saba County, in the form of trespass to try title, against plaintiff in error Hardman, to recover 320 acres of land in San Saba County, the north half of section No. 6 of State school land, surveyed by the Houston & Texas Central Railroad Company by certificate No. 38-4389. The defendant pleaded not guilty. From the statement of facts embraced in the opinion of the Court of Civil Appeals, we make the following condensed statement of the case:

In this cause it is agreed by the parties that the only issue involved in this case is an issue of law, which arose on the trial of said cause and was decided adversely to the defendant by the trial court. It is further agreed that the only facts in evidence which are necessary to enable the appellate court to pass upon said issue are the following: It was proved that the 320 acres of land in controversy belonged to the common school fund, and is described as the north one-half of section No. 6, surveyed by the Houston & Texas Central Railroad Company by virtue of certificate No. 38-4389, as an alternate for the common school fund; that prior to the date of the respective applications of purchase of W. M. Gober and Perry Crawford, as hereinafter mentioned, said land had been duly classified, appraised, and placed upon the market for sale by the Commissioner of the General Land Office, and county clerk of San Saba County notified, and that he registered the same in a book kept by him for that purpose; that plaintiff Perry Crawford, with his family, consisting of wife and six children, moved and made actual settlement on the land in question on October 23, 1899. Afterwards, on October 26, 1899, said Crawford, in due form, made application to purchase said land as an actual settler, and on the same day paid to the State Treasurer one-fortieth of the purchase money due on said land and executed his obligation for the balance of such purchase money, all done in the manner required by law; and that said Crawford has, since the 23d day of October, 1899, with his family continuously lived upon said land, occupying the same as a home, and made all payments thereon as required by law; that said Crawford owned no other land and made settlement on the land in question in good faith for the purpose of making his home thereon.

On the part of defendant, it was proved that on January 28, 1896,

W. M. Gober, in due form, applied to purchase the land for the purpose of making a home upon it, and he paid the one-fortieth part of the purchase money and executed his obligation for the balance, as required by law, and that on March 6, 1896, the land was duly awarded to Gober by the Commissioner of the Land Office. Gober was a married man, his family consisting of himself and wife. At the time that Gober made his application to purchase the land, the wife, being in bad health, was living with Hardman, her brother, who was living upon a part of a section of school land for the purchase of which application had been made by another and then regularly conveyed to Hardman, who filed his obligation and made his payments according to law. The northeast corner of the land in suit and the southwest corner of the land on which Hardman lived touched, but the surveys touched at no other point. Prior to the year 1896, the land involved in this suit had been occupied by one Dodson, who made some improvements thereon, which had been purchased by Hardman prior to the time Gober made his application to purchase. In February, 1897, Gober's wife died and he abandoned the land, selling and conveying his interest in it to the plaintiff in error, Hardman, who has continuously since that time claimed the land under said purchase; but Hardman at the time was living upon that tract of land on which he resided, as above stated, and never did move upon the land in question nor in any manner actually occupy the same by himself or his family. Hardman did not substitute his obligation in the Land Office for the obligation of Gober nor comply with the statute which provides for the sale of land by an actual settler to another. In August, 1899, defendant Hardman forwarded to the General Land Office his application, made in due form, to purchase the land in question, but gave no obligation to purchase the land as an actual settler thereon.

The land in question had 25 acres in cultivation on it and a small dwelling house, and had been under the control of Hardman and used by him for agricultural and grazing purposes from the time that he purchased it from Gober.

The trial court instructed the jury as follows:

"You are instructed that an actual settler is one who, prior to his application to purchase, has in good faith actually settled upon the land for the purpose of making his home thereon.

"You are further instructed that the two deeds introduced in evidence by defendant, to wit, the deed from J. A. Hankin to J. J. Dodson dated January 15, 1887, conveying to the latter the land in controversy, and the deed from J. J. Dodson to L. A. Hardman, the defendant, conveying to said Hardman the same land, and dated January 10, 1889, are withdrawn from your consideration, and they will not be considered by you as evidence in reaching a verdict or for any purpose.

"You are instructed that one who purchases school land filed upon by another as an actual settler is also required to continue in good

faith to ocupy said land for the purpose of making his home on said land.

"If, therefore, you find from the evidence that defendant purchased the land in question from W. M. Gober about October 29, 1897, and that Gober had held said land under an application to purchase as an actual settler thereon, and you further find that defendant, at the time and after his purchase from said Gober, lived upon another and different tract of land and has continued to occupy such other land as his home and has never occupied said school land sued for in this cause as his home, then you are instructed that you should find a verdict for the plaintiff, if you further find that plaintiff has shown, first, that on October 26, 1899, he applied to purchase said land as an actual settler and made his first payment thereon as required by law; second, that he made and executed his obligation for the unpaid balance of said purchase money; and third, that on said October 26, 1899, said plaintiff had actually, in good faith, settled on said land for the purpose of purchasing the same as a home.

"If you do not find the last three matters above submitted to you in the affirmative, then you will find a verdict for the defendant."

Verdict was returned by the jury for the plaintiff Crawford, and judgment entered against Hardman, which judgment was affirmed by the Court of Civil Appeals.

The first ground assigned in the application is that the court erred in holding Crawford entitled to recover the land, there being no proof to show that a forfeiture had been declared by the Commissioner of the Land Office and the land put on the market after it was abandoned by Gober. This was claimed to be a fundamental error and we granted the application upon that ground. Upon considering the record carefully, we are of opinion that the question is not raised by the agreed statement of facts; therefore it is not before us for determination. The agreement that the only issue was "one of law which arose on the trial of the said cause and was decided by the trial court adversely to the defendants," together with the further statement, in effect, that the parties embodied in the agreed statement only the evidence necessary to present the issue of law, eliminates from the case every question of fact upon which the plaintiff's right to recover might depend, because we must presume that each fact necessary to sustain the judgment of the court was proved and was omitted because not deemed necessary to a revision of the particular question which the parties desired to present. In addition to this reason, the facts agreed upon show that Crawford actually settled upon the land, that he applied to purchase it and paid one-fortieth of the purchase price and all payments necessary and required by law, "all of which was in due form of law," and it is also stated that before the "respective" applications of Crawford and Gober to purchase, the land was regularly appraised and placed upon the market. The conclusion follows that the Commissioner of the Land Office would not have accepted the application

unless the land was regularly on the market for sale, and that the court which tried the case would not have assumed the existence of these facts unless they had been established by proof.

What question of law is raised in the record which was decided by the court adversely to the plaintiff in error is not stated distinctly, but it will be defined by ascertaining the conflict between the charge given by the court and the special charge asked by Hardman, which was refused by the court. The court charged the jury as follows: "You are instructed that one who purchases school land filed upon by another as an actual settler is also required to continue in good faith to occupy said land for the purpose of making his home on said land." This proposition the court applied to the facts by instructing the jury, in effect, if they believed that Gober applied to purchase the land in question and acquired a right under the laws of the State as an actual settler, and that Hardman, continuing to occupy his home place, purchased the right of Gober in the land, the latter abandoning his occupancy, then the jury would find for the plaintiff, if they found that he made actual settlement upon the land and complied with the law in the particulars stated. Hardman antagonized the general instruction submitting the proposition that if Gober purchased the land in good faith as an actual settler in compliance with the law and sold it to Hardman, who at the time occupied another tract of land as an actual settler which he had bought from the State, then Hardman, by virtue of his actual settlement and residence upon the tract of land which he occupied and continued to use as his home, could hold, as a part of his homestead, the land bought of Gober. In connection with the special charge requested, Hardman asked the court to submit the issue of plaintiff's right to recover in practically the same terms as were expressed in the charge given by the court. The only question of law which appears from the record to have been raised and decided by the court against Hardman was whether Hardman could hold the land in controversy as an actual settler upon the purchase made by Gober, although Hardman did not actually reside upon that land, but in fact resided upon an adjoining survey.

There is no question that Gober acquired a right under his purchase as an actual settler, and it is conceded that he might lawfully sell his claim to the land to another person under the following provision of article 4218k: "Purchasers may also sell their lands, or a part of the same, in quantities of forty acres or multiples thereof, at any time after the sale is effected under this chapter, and in such cases the vendee, or any subsequent vendee, or his heirs or legatees, shall file his own obligation with the Commissioner of the General Land Office, together with the duly authenticated conveyance or transfer from the original purchaser and the intermediate vendee's conveyance or transfer, if any there be, duly recorded in the county where the land lies or to which said county may be attached for judicial purposes, together

with his affidavit, in case three years residence has not already been had upon said land and proof made of that fact, stating that he desires to purchase the land for a home, and that he has in good faith settled thereon, and that he has not acted in collusion with others for the purpose of buying the land for any other person or corporation, and that no other person or corporation is interested in the purchase, save himself, and thereupon the original obligation shall be surrendered or canceled or properly credited, as the case may be, and the vendee shall become the purchaser direct from the State, and be subject to all the obligations and penalties prescribed by this chapter, and the original purchaser shall be absolved in whole or in part, as the case may be, from further liability thereon." The statute authorizes the actual settler to convey to another, but requires of the vendee to make the same character of settlement upon the land as was required of the original purchaser; in other words, the State allows an actual settler to be substituted by another with the same qualifications and performing the same duties, but there is no provision by which land once sold to and occupied by an actual settler can be transferred, before the expiration of three years occupancy, to another person, unless the State at the same time acquires another actual settler in place of the one that is released. This is a matter of statutory provision and so plainly expressed as to leave no room for construction. It is claimed that the actual settlement of Hardman attached to the Gober land and made him virtually an actual settler upon that. In Busk v. Lowrie, 86 Texas, 132, this court said: "The language of the statute was used by the Legislature for a definite purpose, which was to secure real bona fide settlers upon the land. The word '*actually*' is used in the sense of being a *real*, and not a *constructive* or *virtual settlement.* The courts of this State have so construed the same language used in preemption laws." Article 4218k requires actual settlement of the vendee of an actual settler.

The purchase by Hardman from Gober without actual settlement and compliance with the law gave him no right whatever, and the abandonment of the land was good cause for forfeiture of the contract under which Gober held possession.

It is claimed that because Hardman might have purchased the land under article 4218i, which authorizes one who has purchased a section of agricultural land to buy three additional sections of grazing lands, he should be allowed to hold the land under his purchase from Gober. If he had applied to the State to purchase this land as land additional to his home tract and had complied with the law, he might have been entitled to purchase it, but the record shows that he did not apply for it under any provision of the statute nor make any obligation to the State to pay for it. Therefore, it is unnecessary for us to consider what might have been done if he had complied with the statutory provision.

We are of opinion that there is no error shown in the judgment of the District Court and Court of Civil Appeals, and the said judgments are therefore affirmed.

*Affirmed.*