## J. W. Martin v. J. M. Bryson.

Decided December 20, 1902.

**1.—School Land—Occupancy Completed—Liability to Execution Sale.**

Where a purchaser of State school lands has completed the three years occupancy of his home section, it and the additional sections are then, under the terms of the statute, ready for patenting upon payment in full being made to the State, and the additional lands, though still not paid out and patented, are liable to sale under execution against the purchaser, and the vendee need not reside thereon. 2 Sayles' Civ. Stats., art. 4218f.

**2.—Execution Sale—Inadequacy of Price.**

Where land is sold under execution mere inadequacy of price will not prevent the purchaser from recovering from the execution debtor, the judgment, the execution and sale and the sheriff's deed all being regular.

Appeal from the District Court of Nolan. Tried below before Hon. H. C. Hord, Special Judge.

*Claud McCauley* and *Leggett & Kirby,* for appellant.

*Beall & Beall,* for appellee.

HUNTER, Associate Justice.—This is an action of trespass to try title brought by appellant, Martin, against the appellee, Bryson, to recover title and possession of section 282, Houston & Texas Central Railway Company school land, lying in Nolan County. The appellee pleaded not guilty and, in effect, that appellant's claim of title was based on certain execution sales which were void for the reason that the land, being unpatented school land, was not subject to execution; and by reason of certain alleged irregularities in the sale made by the sheriff whereby the land sold for a grossly inadequate price. The answer contained a plea in reconvention also to remove clouds from apellee's title caused by the sheriff's deeds, and a tender of $125 and interest was made, being the amount paid for the land by apellant at sheriff's sales, but the plaintiffs in execution were not made parties to the plea.

The case was tried by a jury who, upon a peremptory charge from the court to find for defendant, brought in a verdict accordingly, and from the judgment rendered thereon this appeal was taken.

The facts are substantially as follows: Bryson, in 1892, settled upon and ever since has occupied as a home 80 acres of section 38, Texas & Pacific Railway Company school land, and received a quitclaim deed therefor from B. J. Rhodes, in April, 1896. The record fails to disclose what interest Rhodes had to quitclaim. In November, 1897, appellee applied to the Commissioner to purchase section 282 as additional grazing land, and on the 24th day of December, 1897, it was awarded and sold to him. On September 28, 1896, Sasse and Parnell, of Gatesville, Texas, recovered a judgment in a justice court of Coryell County against the appellee, Bryson, for the sum of $82.99, and a pluries execu-

tion was regularly issued thereon to the sheriff of Nolan County, and the land was duly levied upon and sold thereunder by the said sheriff on the 3d day of July, 1900, according to law, when the appellant, Martin, became the purchaser at the price of $100, and thereupon the said sheriff executed and delivered to him a deed for the section of land in controversy. The same land had previously been sold under execution issued upon same judgment on the 4th day of April, 1899. The judgment, execution thereon, sale and sheriff's deed were all regular and valid, but the land sold for an inadequate price. The appellee, at the date of the levy and sale, had occupied his 80-acre home tract on section 38 for more than three years, and upon filing proofs thereof with the Commissioner of the General Land Office was entitled to pay all the purchase money due on section 282 and receive a patent therefor.

The assignments of error complain of the peremptory charge given in favor of appellee and of the judgment rendered against appellant, and it is contended that under the undisputed evidence the judgment should have been rendered for appellant.

The learned judge who tried the case, it is said in the briefs, was of opinion that the land was not subject to execution, because it was unpatented school land, and for that reason instructed a verdict for the appellee. In this we think his honor erred. The title of appellee, it is true, was a defeasible, equitable title, but as he was an actual settler and had resided upon the home tract for more than three years, he had the right to sell the section levied on, and the purchaser was not required to reside thereon or occupy the same. Art. 4218f of 2 Sayles' Civ. Stats., Act of 1897, provides: "'And if he or his vendor has already resided upon his home section for three years, or when he or his vendor, or both together, shall have resided upon it for three years, the additional lands purchased may be patented at any time."

Article 4218ff provides: "That in case the purchaser shall sell any of the tracts before the three years residence has been completed, the vendee must reside thereon until he has completed the three years occupancy from the date of the original purchase, and a failure to do so shall subject his land to forfeiture; but in case of sale of any of said tracts after the completion of the three years residence, the vendee shall be exempt from the condition of settlement and occupancy." Act 1897, p. 184.

In the second edition of Mr. Freeman's work on Executions, that distinguished author, in section 172a, lays down the rule that: "So one who purchases lands from a State, under a contract which provides for certain payments, upon the making of which he will become entitled to a patent, and upon default in any of which he forfeits all rights under his contract, has a vendible interest in such lands prior to their forfeiture, and one which is subject to execution. The estate acquired under the levy of an execution is, of course, no better or more certain estate than that held by the judgment debtor, and remains liable to be defeated

by the same contingency to which it was subject before the execution sale."

We therefore conclude that as the interest of the appellee, Bryson, in this section of land was such as he could sell to any person who would buy, regardless of whether such person occupied the land afterwards or not, it was a vendible interest, and was subject to execution.

We have found no such iregularities in the sale made by the sheriff as would invalidate it, and as the title of appellant is a regular paper title, consisting of a valid judgment, valid execution, and valid sheriff's deed, he was entitled to recover the land, and the learned judge should have so instructed the jury.

We therefore reverse the judgment of the District Court and here render judgment in favor of appellant for the land sued for.

*Reversed and rendered.*

Writ of error refused.