### Jose Salgado v. Jacob Baldwin.

No. 2273. Decided December 23, 1912.

**School Land—Forfeiture—Good Faith—Collusion.**

   The Commissioner of the General Land Office has no authority under the Act of May 16, 1907 (Laws, 30th Leg., p. 494, sec. 6e), to forfeit the title of a purchaser of school land who has complied with the law with reference to purchase, settlement, residence, and improvements, on the ground that they were not made in good faith and were collusive.

Error to the Court of Civil Appeals, Fourth District, in an appeal from Presidio County.

Salgado sued Baldwin for land and recovered. On defendant's appeal the judgment was reversed and cause remanded, whereupon Salgado obtained writ of error on the ground of conflict of decisions.

*Walter Gillis, E. F. Higgins,* and *J. A. Gillett,* for plaintiff in error.—The charge of bad faith was predicated solely upon that of collusion, which the Supreme Court has held cannot be developed by an individual, and the bad faith of plaintiff in error, if any, independent of collusion under the peculiar facts of this case could not possibly be established. Logan v. Curry, 95 Texas, 670; Maney v. Eyres, 33 Texas Civ. App., 497; Busk v. Lowrie, 86 Texas, 128;

Cravens v. Brooke, 17 Texas, 274; Baker v. Millman, 77 Texas, 46; Jordan v. Payne, 18 Texas Civ. App., 382.

*Jacob C. Baldwin,* for defendant in error.—Under the undisputed facts of this case, the evidence was insufficient to show the plaintiff to be an actual *bona fide* settler on the land, within the meaning of the law, and it was the duty of the trial court to have directed a verdict for the defendant for this reason. Rev. Stats., art 4218f, 4218j; Lewis v. Scarbauer, 33 Texas Civ. App., 220, and authorities there cited; Jones v. Wright, 92 S. W., 1010; Baker v. Millman, 77 Texas, 46; Busk v. Lowrie, 86 Texas, 128; Lee v. Greene, 24 Texas Civ. App., 109; Jordan v. Payne, 18 Texas Civ. App., 382; Atkeson v. Bilger, 4 Texas Civ. App., 99; Borchers v. Mead, 17 Texas Civ. App., 32.

The undisputed evidence showing in this case that the forfeiture was made by the Commissioner of the General Land Office for reasons provided for by law, his act in declaring the forfeiture was conclusive upon the plaintiff as well as all other persons; if not conclusive, it was at least *prima facie* evidence of the existence of the facts upon which the forfeiture was based. Same authorities. Also: Bell v. Williams, 29 Texas Civ. App., 109; Slaughter v. Cooper, 121 S. W., 173.

Mr. Chief Justice Brown delivered the opinion of the court.

This was an action by plaintiff in error against defendant in error to recover Sections 6, 8 and 18, in Block 1, T. W. N. G. Ry. Co., school land, in Presidio County, Texas.

On September 8, 1906, the Commissioner of the General Land Office awarded Section 495, Block 8, G. H. & S. A. Ry. Co., of the public free school land, to plaintiff as his home section, and, subsequently, the Commissioner awarded to plaintiff the sections sued for as additional land. The awards were regularly made.

On January 2, 1909, the Commissioner of the General Land Office, without notice to plaintiff, declared the awards void for "collusion and failure to settle upon, occupy and improve the land in good faith as a home, as required by law." This action was to recover the land, and involves the power of the Commissioner to annul the sale to Salgado. The defendant below pleaded that Salgado was not twenty-one years old when he bought the land; that the Commissioner had duly and legally forfeited the land, and had, on January 9, 1909, after the lands were classified and appraised and notice thereof sent to the County Clerk of Presidio County, awarded the land to defendant.

The trial court submitted the case on special issues, which we copy with the answers:

"1. Did plaintiff Jose Salgado become an actual settler upon Sec. 495 within 90 days after the award to him?

"Ans. Yes.

"2. Did said Salgado continuously reside upon and occupy said section 495 from the date of his settlement, if any, therein to the date of the award of section 36 (Oct. 25, 1906) to plaintiff?

"Ans. Yes.

"3. Did said Salgado reside upon and occupy said section 495 and afterwards reside upon and occupy said section 36 and maintain said cumulative residence and occupancy, if any, continuously from October 25, 1906, until the 4th day of August, 1909?

"Ans. Yes.

"4. Was said Salgado as much as twenty-one years old on July 9, 1906?

"Ans. Yes.

"5. Was said Salgado as much as twenty-one years old on August 4, 1906?

"Ans. Yes.

"6. Did said Salgado erect, or cause to be erected, upon some tract or tracts of the State School lands purchased by him and described in his petition, permanent and valuable improvements of the reasonable market value of $300.00 after the award of said tract or tracts of land to him by the Commissioner of the General Land Office, and before August 4, 1909?

"Ans. Yes."

Judgment was accordingly entered for plaintiff for the three sections 6, 8 and 18, and that defendant take nothing on his cross action.

The judgment as entered in favor of the plaintiff, Salgado, was reversed by the Court of Civil Appeals of the Fourth District because the trial court refused to permit defendant to show that Salgado did not act in good faith in buying and settling upon the land.

The statute under which the Commissioner of the General Land Office acted reads:

"Sec. 6e. One who has heretofore or who may hereafter purchase land out of a lease or otherwise, on condition of settlement in the counties named in Section 6a of this Act, and fails to settle thereon within the required time, or fails to file in the Land Office his affidavit of settlement within the required time, or fails to comply with the law as to residence on the land, or executes a transfer contrary to the provisions of this Act, except those stated in this Act as not being void, he shall forfeit the land and all payments made thereon to the fund to which the land belongs, and when the Commissioner shall be sufficiently informed of the facts which operate as a forfeiture, he shall cancel the award or sale by noting the act of forfeiture on the obligation and mail notice of that fact to the proper county clerk." (Gen. Laws 1907, p. 494.)

From the finding of the jury it appears that Salgado performed every act required of him by law, therefore, his right to the land attached and became a vested right which could not be destroyed except by some lawful procedure. The defendant in error, claiming under a second sale by the Commissioner of the General Land Office, has failed to show that Salgado did any one of the things by which he forfeited his right.

Upon what authority then did the Commissioner of the Land Office declare Salgado's purchase forfeited? By this endorsement, "for collusion and failure to settle upon, occupy and improve the land in good faith as a home, as required by law," the Commissioner dis-

closes the basis of his action, which cannot be sustained on the ground of collusion, because he had no authority to forfeit for that reason. The law did not empower the Commissioner to forfeit the purchase for collusion, because it was not expressed. Logan v. Curry, 95 Texas, 670; Maney v. Eyres, 33 Texas Civ. App., 497, 77 S. W., 969. For the same reason (it was not expressed in the law) the Commissioner could not set aside the award to Salgado because of the want of good faith. The power to forfeit for want of good faith was not conferred upon the Commissioner by the statute; therefore, it did not exist and the act of forfeiture was void. The Legislature made the rights of the purchaser to depend upon what he *did* and not upon his *faith* or intentions, good or bad. When the purchaser did what the law required, his purpose to obey the law was manifested; he showed his good faith by his works. Forfeitures are not favored and will not be sustained upon doubtful authority. It is a novel proposition to say that a lawful act is made unlawful by the absence of a mental condition. It would be a dangerous thing to establish the rule that a full compliance with the law could be annulled by a supposed secret bad purpose. The action of the Commissioner was ex parte; Salgado had no hearing; it was arbitrary because not authorized by law.

The Honorable Court of Civil Appeals erred in reversing the judgment of the District Court and remanding the case. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*