CHARLES SCHAUER v. OTTO SCHAUER.

No. 3303.   Decided February 25, 1920.

(219 S. W., 195.)

**1.—Public Land—Occupancy—Sale—Collusion—Forfeiture.**

One who had bought public land on condition of settlement and occupancy, and before completing these conditions sold to another not entitled to be substituted as a purchaser because buying and occupying it collusively for a third party, was not relieved from the conditions by such sale to one disqualified to become substitute purchaser (Rev. Stats.. 1911, art. 5436); and, on such original purchaser abandoning the occupancy to his disqualified vendee, the sale to him was properly cancelled by the Land Commissioner and the land declared forfeited and placed again on the market. Hardman v. Cranford, 95 Texas, 193; Spence v. Mitchell, 96 Texas, 47; followed. Salgado v. Baldwin, 105 Texas, 508, distinguished.   (P. 260).

**2.—Same—Action—Limitation.**

One who purchases from the State · public land again placed on the market after forfeiture of the rights of a previous purchaser duly and properly declared by the Land Commissioner, was not barred, in a suit against one in possession and claiming under the forfeited purchase, by failing to bring his action within one year from the date of the award. (Rev. Stats., 1911, arts. 5458, 5459).   (Pp. 261, 262).

**3.—Same.**

Revised Statutes, 1911, arts. 5458, 5459, apply to one who seeks to become a purchaser of public land, against a former purchaser recognized as such by the State. They have no application to the action of a purchaser at resale, after duly declared forfeiture of a former purchase, to recover the land from such former purchaser. Slaughter v. Terrell, 100 Texas, 604; Nations v. Miller, 107 Texas, 619; followed.   (Pp. 261, 262).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Crockett County.

Charles Schauer sued Otto Schauer for recovery of land. The judgment of the District Court denying a recovery to plaintiff was
Vol.110—17.

affirmed on his appeal (202 S. W., 1010) and he then obtained writ of error.

*Cornell & Wardlaw,* and *Blanks, Collins & Jackson,* for plaintiff-in error, cited: Hardman v. Crawford, 95 Texas, 193; Perry v. Martin, 180 S. W., 1184; Spence v. Mitchell, 96 Texas, 47; Roberson v. Sterrett, 96 Texas, 180.

*Ed. J. Hamner,* for defendant in error.

The lands in controversy having been duly awarded to an actual settler who continued to occupy said lands from the date of his application to the time he sold to appellee, and appellee having become an actual settler upon the lands before and at the time of his transfer, and having continued to occupy same as his home ever since, the occupancy required by law has been met; and where after this occupancy has continued for more than ten years the commissioner forfeits the lands for "collusion and failure to occupy," and thereafter sells them to the plaintiff, the plaintiff must first establish a legal forfeiture, and until he does so, the original award prevents the land being upon the market for sale, and plaintiff's attempt to purchase is void, and he cannot recover, and the law does not authorize a cancellation by the commissioner based on collusion, nor does it authorize the commissioner to cancel because the subsequent purchaser did not file his conveyance and obligations in the Land Office. And if the original purchaser and the subsequent purchaser actually occupied the land as their home for a period of three years, the law as to occupancy has been complied with, and the issue of collusion cannot enter into the case. Salgado v. Baldwin, 152 S. W., 156; Smithers v. Lowrance, 100 Texas, 81.

The court correctly rendered judgment for defendant because the lands in suit had been sold by the State to Rotsman on his applications filed in the General Land Office February 28, 1901, and it was admitted that said sale was regular and valid, and such sale remained in good standing until January 28, 1910, more than one year after Article 5458, Rev. Stats., took effect, at which time said sale became a vested right in appellee (Rotsman's vendee) and could not be contested in any manner by a third party, nor set aside by an *ex parte* act of the Commissioner of the General Land Office or in any other manner except by "an action or proceeding" brought by "the State of Texas in respect to any of said lands." Rev. Stats., art. 5458, 5459; Barnes v. Williams, 143 S. W., 985.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiff in error, Charles Schauer, instituted this suit in the District Court of Crockett County, against defendant in error, Otto Schauer, to recover 2560 acres of public school lands in Crockett County.

The facts show, without substantial conflict, that the Commissioner of the General Land Office awarded these school lands to Clarence Rotsman, on April 19, 1901, who resided upon one of the tracts as his homestead until May 5, 1902, when he and his wife, by recorded deed, conveyed the lands to defendant in error, Otto Schauer, and thereafter the lands were abandoned by Rotsman. Defendant in error, Otto Schauer, and his wife, settled on the lands as their home as soon as Otto Schauer received his deed thereto, and they have since continuously resided thereon. Interest payments on Rotsman's purchase were regularly made up to and including 1909. Further payments on Rotsman's purchase have been refused by the State. Defendant in error, Otto Schauer, admitted that before and at the time he took the conveyance from Rotsman he had contracted to sell the lands to Charles Schauer Sr., in consideration of the payment of $35 per month for the period of his occupancy of the land, and also all expenses for the trials of a pending case against Otto Schauer, and also the loan of two-thirds the purchase price of fifteen hundred head of sheep, which contract was originally verbal, but later Otto Schauer signed in addition a bond for title to the lands, wherein it was recited that Otto Schauer was to receive $400 from Charles Schauer, Sr. at the time the lands were to be deeded to Charles Schauer, Sr., that being an amount held back or reserved, or to be held back or reserved, out of the promised $35 per month. Otto Schauer further testified that he could not truthfully have made an affidavit that he was not buying the land for any other person, and that after three years' possession had been held he did not make proof of his occupancy, being advised by his attorney not to make such proof, and that Charles Schauer, Sr. stated that he had Rotsman on the lands but trouble had arisen between them and he was afraid Rotsman would sell and therefore wanted him (Otto Schauer) to take possession. Otto Schauer was not substituted for Rotsman as purchaser of the lands, and no award was made to Otto Schauer. On January 28, 1910, the Commissioner of the General Land Office endorsed in red ink on the face of each of Rotsman's obligations the words: "Land forfeited for collusion and for failure to occupy. J. T. Robison, Com. Dibrell 1-28-1910;" and each account of Rotsman in the State Treasurer's office was on the same day marked forfeited; and, the Commissioner of the General Land Office, on January 28, 1910, wrote a letter to the clerk of the county court of Crockett County advising him that the sales to Rotsman had been cancelled, and directing that the appropriate entries, showing such cancellation, be made on his records. On February 15, 1910, the Commissioner of the General Land Office awarded the lands to plaintiff in error, Charles Schauer, on proper application, and he has complied with all the law's requirements relative to settlement, occupancy and proof, and on March 7, 1913, he received from the Commissioner a certificate of occupancy of the

lands, which was, on March 19, 1913, recorded in Crockett County, and all payments due by Charles Schauer on his purchase have been made.

The trial court rendered judgment that plaintiff in error, Charles Schauer, take nothing by his suit, and the Court of Civil Appeals affirmed the judgment, upon the ground that Charles Schauer's cause of action was barred by the Act of 1905 (General Laws, 29th Leg., page 35), now articles 5458 and 5459 of the Revised Statutes of 1911, 202 S. W., 1010.

In our opinion, the Commissioner of the General Land Office was clearly authorized to forfeit the Clarence Rotsman contract of purchase, on his abandonment of the land, and to thereafter award same to plaintiff in error, Charles Schauer; and the Acts of 1905 interposed no bar to the maintenance of this suit by Charles Schauer.

Otto Schauer acted in collusion with Charles Schauer, Sr., for the purpose of buying the 2560 acres of land for Charles Schauer, Sr., who was therefore interested in the purchase. Under these circumstances, the attempted transfer by Clarence Rotsman to Otto Schauer was not authorized by section 10, of the Act of April 4, 1895, p. 63, now article 5436 of the Revised Statutes of 1911. It was, on the contrary, plainly forbidden. Therefore, Otto Schauer acquired no right to the lands. The only right acquired under a transfer, which is authorized by the statute, now article 5436, is that of substitution. Otto Schauer being expressly denied the right of substitution, it necessarily results that the attempted transfer to Otto Schauer in no wise absolved Clarence Rotsman from his obligation. Clarence Rotsman having purchased the lands on condition of settlement and having failed to comply with the law's requirement as to residence, through abandonment of the land himself, without leaving thereon a qualified substitute, it became the duty of the Commissioner of the General Land Office to forfeit Rotsman's purchase under section 6e, Acts 1907, p. 490, now article 5425, R. S. of 1911.

In the case of Hardman v. Crawford, 95 Texas, 193, 66 S. W., 206, the land had been awarded in 1896 to Gober, who abandoned the land before the expiration of three years, when he attempted to transfer it to Hardman, who continued to use it for agricultural and grazing purposes but did not settle upon it for a home. Gober's purchase was forfeited for his abandonment of the land, and it was thereafter in 1899 awarded to Crawford, who recovered a judgment against Hardman for the land, which was affirmed by the Court of Civil Appeals and the Supreme Court. The opinion of Judge Brown closes the discussion of the question of the Land Commissioner's right to forfeit Gober's purchase with the conclusion: "The purchase by Hardman from Gober without actual settlement and compliance with the law gave him no right whatever, and the abandon-

ment of the land was good cause for forfeiture of the contract under which Gober held possession." 95 Texas, 199.

Spence, Administrator v. Mitchell, 96 Texas, 47, 70 S. W., 73, decides that one acquires nothing by virtue of a conveyance from an awardee of these school lands, unless the conveyance is authorized by the statute.

No right having passed to Otto Schauer, by reason of his disqualification to be substituted as a purchaser, the only subsisting claim to the lands, under the State, was in Clarence Rotsman, and that was rightly forfeited as stated above, for Rotsman's non-compliance with the condition of settlement on which he contracted to purchase.

The decision in Salgado v. Baldwin, 105 Texas, 508, 152 S. W., 165, is relied on by defendant in error as denying the power of the Commissioner of the General Land Office to forfeit Rotsman's purchase. As pointed out in that opinion, Baldwin, the second purchaser, "failed to show that Salgado (the first purchaser), did any one of the things by which he forfeited his right." Here, Charles Schauer, the second purchaser, did not fail to show that Rotsman, the first purchaser, did one of the things by which he forfeited his right; for Charles Schauer did show that Rotsman abandoned the land, without complying with the law as to residence. Otto Schauer sought to avoid the consequences of Rotsman's abandonment of the land, by tacking his possession to that of Rotsman. To accomplish this, it was necessary to show a transfer from Rotsman to Otto Schauer, authorized by the statute. The evidence not only failed to establish, but conclusively negatived, such a transfer. Hence, the facts were such as, by the express terms of the statute, made it the duty of the Commissioner of the General Land Office to forfeit the Rotsman purchase.

Under its settled construction the Act of 1905 (now articles 5458, 5459 of the Revised Statutes of 1911), has no application to the suit by Charles Schauer to recover these lands.

It seems to us that nothing could make plainer that the Act of 1905 has no effect on the assertion of Charles Schauer's right to this land, under the valid award to him, after the lawful forfeiture of the previous purchase of Clarence Rotsman, than the following language of this Court in Slaughter v. Terrell, 100 Texas, 604, 605, 101 S. W., 401.

"In order to ascertain what the Legislature intended by the enactment of this law we must consider the evil that existed and determine what the remedy was to be. Under the law as it previously existed, purchasers of school lands were liable to have their titles attacked by third persons who desired to purchase the land, and such persons might call in question the qualification of the purchaser as well as the performance of conditions prescribed by law, for example, that when the purchase was made the purchaser did not actually reside upon the land, or that he did not intend to make

it his home, and thus, although the State recognized his right, the purchaser was constantly exposed to such attacks. This rendered such titles uncertain and to remedy that evil the Legislature enacted the law under consideration, which requires that any person who desires to purchase land theretofore purchased by another shall bring his suit to set aside the former purchase within twelve months of the award of it or he will be barred. Clearly this applies only to cases where the State recognizes the validity of the purchase being attacked and does not apply to a case like the present, where there has been a forfeiture of the former purchase by the Land Commis- sioner and the land again put upon the market. There is no neces- sity for a suit by a purchaser of forfeited land; indeed, to so hold would be to say that the Commissioner had the power to declare the forfeiture, although the award may have been made many years before that time, and the power to sell the land, but that the pur- chaser at the second sale could not get possession of the land because his suit could not be brought within a year from the award to the first purchaser which had been forfeited. Such an absurd result is a sufficient answer to the contention for that construction."

Moreover, the opinion in Nations v. Miller, 107 Texas, 619, 183 S. W., 153, reaffirms and demonstrates that the statute interposes no bar to the assertion of the rights of one having the status of a lawful purchaser of school land, so recognized by the State and entitled by law to be so recognized.

Having concluded that plaintiff in error, Charles Schauer, is entitled to recover of defendant in error, Otto Schauer, the lands sued for, the judgments of the District Court and of the Court of Civil Appeals are reversed and judgment is ordered entered in favor of plaintiff in error, against defendant in error, for said lands and all costs.

*Reversed and rendered.*