## ANTONE v. KURTH LUMBER MFG. CO.
### No. 6298.

Court of Civil Appeals of Texas. Texarkana.

Oct. 3, 1947.

Rehearing Denied Oct. 9, 1947.

Pat Beadle and Robert Gooding, both of Clarksville, for appellant.

B. F. Edwards, of Clarksville, and Andrews, Kurth, Campbell & Bradley, of Houston, for appellee.

WILLIAMS, Justice.

In this trespass to try title action against appellant, F. A. Antone, and Hardy Jones, defendants below, tried to the court, Kurth Lumber Manufacturing Company, a Texas corporation, plaintiff below, was awarded title and possession of the Geo. F. Case H. R. Survey as patented to P. J. Graves, assignee of said Case, situated in Red River County, Texas. This patent was issued by the State of Texas on September 27, 1935, being filed for record in deed records of above county, October 4, 1935. Defendant Antone asserted title to a portion of the

lands described in above survey, by virtue of an award made January 3, 1940, by the Commissioner of the General Land Office of the State of Texas to Ethel Melton; the award being made under a certificate issued to one M. F. McCormick, original grantee. Patent has never been issued to any one to the land described in this award. The field notes in the award are in conflict with those in the patent issued to P. J. Graves, assignee.

George F. Case, the person named in the patent, in 1902 filed his application with the Commissioner of the General Land Office of Texas to purchase as an actual settler of the land described in the patent under the provisions of Title LXXXVII, Chapter 12A, R.C.S. of 1895 of Texas, and the amendments enacted May 19, 1897, and the provisions of "An Act relating to the sale and lease of public free school and asylum lands," being Chapter CXXV of the Acts of the Regular Session of the 27th Legislature, passed in 1901. Field notes of the survey (being the same as set out in the patent) accompanied Case's application to purchase. In 1907, Case timely filed in the manner and form as required by above legislative acts proof of his occupancy of the land for the required length of time and did everything and performed every act that was required of him under the terms of his purchase contract and the provisions of the law then applicable.

P. J. Graves in 1908 acquired by purchase, evidenced by a general warranty deed, the land described in the original field notes. After mesne conveyances by various individuals, J. W. Allen and T. E. Allen, the holders of the record title in 1930, conveyed the land to the Lodwick Lumber Company, the first corporation to appear in the chain of title. This corporation in 1935 paid to the State the balance then due the State on the purchase price of the land evidenced by the note theretofore executed by Case, and thereupon the State issued the patent above described. Plaintiff acquired the land by deed in 1935 from Lodwick Lumber Company.

The trial court found that plaintiff was vested with the fee simple title, holding and claiming the same through regular and

legal conveyances from the sovereignty of the soil. In the sole attack made against above finding appellant asserts that by reason of the provisions of arts. 5306, 5311 and 5312, Vernon's Ann.R.C.S. of Texas, plaintiff, a corporation and the Lodwick Lumber Company, a corporation, the immediate predecessor in the title, each was prohibited from becoming a purchaser of public school lands of the State of Texas; had "no right to become, and cannot become, a substitute purchaser of such lands from the State of Texas by reason of any conveyance or transfer to it of an interest by some individual"; and the attempted transfers into each of the named corporations were nullities.

This position asserted by appellants is untenable under this record for two reasons: Defendant Antone, under his asserted title, above detailed, is in no legal position to question the validity and regularity of the patent issued by the State of Texas to P. J. Graves, assignee of George. F. Case, or the validity of the title into above named corporations. In Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994, 999, it is said: "This court, as well as the Supreme Court of the United States, has held that only the state, in a proceeding brought for the purpose, can inquire into the want of power of corporations to take and hold real estate." Scott v. Farmers & Merchants Nat. Bank, 97 Tex. 31, 75 S.W. 7, 15, 104 Am.St.Rep. 835; Russell v. Texas & P. R. Co., 68 Tex. 646, 5 S.W. 686, 690; Fitzgerald et al., v. Robison, 110 Tex. 468, 220 S.W. 768.

Arts. 5306, 5311 and 5312, supra, cited by appellant in support of his contention that a corporation is prohibited from acquiring directly or indirectly legal title to public free school lands of Texas is inapplicable to the facts in this record.

Such statutes do not preclude a corporation from ever acquiring title to land where a legitimate purchase has been effected years prior thereto by an individual from the State, as here. Case, the original purchaser and settler, had performed every act that was required of him under the provisions of above mentioned acts of the legislature under which he purchased the land so as to perfect title in him. Having so performed, his interest and right in the land attached and became a vested right to demand and obtain a patent (the naked legal title) from the State to the land upon his tender of payment of such sum that might be due on the original contract purchase price. This vested right was assignable. Salgado v. Baldwin, 105 Tex. 508, 152 S.W. 165; Martin v. Bryson, 31 Tex.Civ.App. 98, 71 S.W. 615, writ refused; Phillips v. Campbell, Tex.Civ.App., 146 S.W. 319, 320; Wilson v. Nugent, Tex.Civ.App., 91 S.W. 241. Title to the survey having ripened in Case, subject to forfeiture by the State only upon failure to meet the deferred payments called for in the purchase price, and subject to alienation by him, the land no longer remained a part of the public domain or public free school lands of Texas at the time the Lodwick corporation and plaintiff corporation acquired title in 1930 and 1935, respectively.

The trial court awarded plaintiff a recovery for the value in its unmanufactured state of the timber cut and removed by defendants from the land. Appellee's contention that it was entitled to a recovery for the value of the timber in its manufactured state is overruled. The evidence does not warrant this court to disturb the implied findings of the trial court that the taking of the timber had not been willful.

The judgment of the trial court is affirmed.